Reversed and remanded.

Judges PHILLIPS and LEWIS concur.

---

DR. BRENDA D. RIVENBARK v. PENDER COUNTY BOARD OF EDUCATION

No. 885SC1097

(Filed 18 July 1989)

**Schools § 4.1— extension or renewal of superintendent's contract— authority of "lame duck" board**

Pursuant to legislative action taken on 15 June 1989, N.C.G.S. § 115C-271 provides that a county board of education may "extend or renew the term of the superintendent's contract *at any time during the final 12 months of the contract*; provided, however, when new members are to be elected or

appointed and sworn in *during the final 12 months of the contract* the board may not act until after the new members have been sworn in"; therefore, it was unnecessary to determine whether "fiscal year" or "calendar year" was the intended meaning of the word "year" in the statute as originally enacted. 1989 N.C. Sess. Laws ch. 339, sec. 3.

APPEAL by defendant from *David E. Reid, Jr., Judge*. Judgment entered 16 June 1988 in Superior Court, PENDER County. Heard in the Court of Appeals 6 June 1989.

*Terry B. Richardson for plaintiff-appellee.*

*Tharrington, Smith & Hargrove, by Richard A. Schwartz, Douglas A. Ruley, and Daniel W. Clark, for defendant-appellant.*

BECTON, Judge.

In this suit by a school board member against the Pender County Board of Education ("Board"), the question presented is whether the Board could renew the county superintendent's contract in the last *fiscal* year of the contract, which overlapped with a *calendar* year in which new board members were slated to take office. To answer this question, the parties ask us to determine whether "fiscal year" or "calendar year" was the intended meaning of the word "year" in N.C. Gen. Stat. Sec. 115C-271's prohibition of contract renewal "until after new members have been sworn in" during "any year when new members are to be elected. . . ." For the reasons that follow, we reverse the order granting summary judgment for the plaintiff.

I

This dispute concerns Dr. Haywood Davis' contract as superintendent of the Pender County school system which ran from 1 July 1984 to 30 June 1988. On 22 February 1988, the then current five member Board voted, three to two, to renew Dr. Davis' contract for another four year term, to begin 1 July 1988 and end 30 June 1992. Two Board members who voted for renewal had terms in office which were to expire in December 1988, at which time two newly-elected Board members were to be sworn in.

The plaintiff brought the present action, seeking declaratory and injunctive relief on the ground that the vote was taken in violation of Section 115C-271. The trial judge granted summary

judgment in her favor, ruling that the Board's renewal of Dr. Davis' contract violated Section 115C-271, which provided, in relevant part:

> . . . The county board of education may, with the written consent of the current superintendent, extend or renew the term of superintendent's contract *at any time during the final year of his term.* Provided, however, *in any year when new members are to be elected* or appointed, the board may not act until after the new members have been sworn in. . . .

N.C. Gen. Stat. Sec. 115C-271 (1987) (emphasis added). The trial judge declared Dr. Davis' contract "null and void ab initio and of no force and effect."

The Board appeals, contending that because a school superintendent's term of office is measured in *fiscal* years, from 1 July to 30 June, the trial judge's ruling, construing Section 115C-271 to prohibit board renewal of a superintendent's contract during any *calendar* year in which board members will be elected, thwarts the legislative purpose behind the statute and imposes absurd time limits on reelection of superintendents. The Board argues that the term "year" in both of the disputed sentences in Section 115C-271 must be read to refer to the final *fiscal* year of the superintendent's contract.

If the word "year" is interpreted to mean "calendar year," the Board contends, a school board would be prohibited from acting until after the superintendent's contract had already expired, thereby incurring the risk of not attracting or retaining the most qualified candidate for the position, who, in the competitive market for superintendents, would surely prefer a settled contract to the uncertainty of delayed board action. As a result, the Board argues, the operation of the school system could be disrupted, in turn adversely affecting the education of the county's schoolchildren. Moreover, the Board asserts, if this court adopts the plaintiff's position, a duly elected, currently sitting board—ostensibly empowered to oversee the operation of all aspects of the county school system—would be powerless from January to December of any election year to employ a superintendent to run the county's schools. The Board contends that such a result would be absurd and would conflict with the legislature's visible expansion in recent years of school board discretion to choose a superintendent.

The plaintiff, on the other hand, argues that the legislature intended in Section 115C-271 to prohibit a "lame duck" board from imposing an unwanted superintendent upon an incoming board. To effectuate that intent, she argues, "year" must be read in accord with its ordinary meaning, that is, "calendar year," measured from 1 January to 31 December. She points out that a county school system would not necessarily face being without a superintendent during the period between the expiration of the superintendent's contract and the swearing-in of new board members because Section 115C-271 permits a superintendent to remain in office "until his successor is elected and qualified."

## II

We need not address the merits of the parties' contentions because the question before us has been resolved by the legislature's recent clarification of Section 115C-271. On 15 June 1989, the General Assembly ratified H.B. 1072, entitled "An Act to Clarify Legislative Intent Regarding Renewal of Superintendent's Contracts." The two disputed sentences were amended to read as follows:

> The county board of education may, with the written consent of the current superintendent, extend or renew the term of the superintendent's contract *at any time during the final 12 months of the contract*; provided, however, when new members are to be elected or appointed and sworn in *during the final 12 months of the contract* the board may not act until after the new members have been sworn in.

1989 N.C. Sess. Laws ch. 339, sec. 3 (emphasis added). The bill further provides: "This act is effective upon ratification and shall apply to all superintendent contracts extended or renewed by local boards of education since July 1, 1985." *Id.*

Thus, it is clear that the Board was free to renew its superintendent's contract at any time during the final 12 months of the contract since no new members were to take office during that period. Accordingly, we hold that the Board's renewal of Dr. Davis' contract was valid, and the order granting summary judgment in favor of the plaintiff is

Reversed.

Judges PHILLIPS and LEWIS concur.